# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| WILLIAM WEST, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) |
| | ) C.A. No. N17C-11-137 MMJ CCLD |
| ACCESS CONTROL RELATED | ) |
| ENTERPRISES, LLC; LLR EQUITY | ) |
| PARTNERS, IV, L.P.; LLR EQUITY | ) |
| PARTNERS PARALLEL IV, L.P.; | ) |
| SETH LEHR, an individual; | ) |
| DAVID STIENES, an individual; | ) |
| GREG CASE, an individual; | ) |
| ROBERT CHEFITZ, an individual; and | ) |
| JOSEPH GRILLO, an individual. | ) |
| | ) |
|    Defendants. | ) |

Submitted : January 19, 2021
Decided: January 26, 2021

## ORDER DENYING CERTIFICATION
## OF INTERLOCUTORY APPEAL

(1) Plaintiff William West has moved for an order certifying an interlocutory appeal to the Delaware Supreme Court. The determination of whether to certify an interlocutory appeal lies within the discretion of the Court and is analyzed under the criteria set forth in Supreme Court Rule 42(b). Rule 42(b)(i) states: "No interlocutory appeal will be certified by the trial court or accepted by this Court

1

unless the order of the trial court decides a substantial issue of material importance that merits appellate review before final judgment." Rule 42(b)(ii) admonishes: "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources. Therefore, parties should only ask for the right to seek interlocutory review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."

(2) Assuming that the gating requirement of Rule 42(b)(i) has been satisfied, an application also must meet one or more of the eight factors set forth in Rule 42(b)(iii). Rule 42(b)(iii) counsels: "After considering these factors and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."

(3) In this action, Plaintiff filed a Motion to Maintain Transfer Order and to Dismiss Without Prejudice. The Court held argument on December 9, 2020.

(4) At the conclusion of the hearing, this Court issued its findings on the record. In sum, the Court held that it had considered the interests of comity and judicial economy, and that the related case pending in California was on appeal, with

2

no trial date in the near future. The Court's findings in the January 20, 2020 transcript were incorporated by reference, including Delaware's strong interest in governing Delaware LLCs. The Court discussed the juxtaposition of the Superior Court and the Court of Chancery with regard to jury trials and the adjudication of legal and equitable issues. The Court already had found that the parties had agreed to a forum selection clause. Ultimately, the Court denied the Motion to Dismiss, without prejudice. The Motion to Transfer to the Court of Chancery previously had been mooted because the fiduciary duty claims had been voluntarily dismissed.

(5) Plaintiff argues that interlocutory appeal pursuant to Supreme Court Rule 42(b) is justified because all eight factors in Rule 42(b)(iii) have been met.

(6) Defendants oppose certification of the interlocutory appeal. Defendants argue, *inter alia*, that Plaintiff filed this case in Superior Court in 2017, and repeatedly resisted transfer to the Court of Chancery. Plaintiff now seeks to litigate in California, and is relying on the California court's misapprehension that Plaintiff cannot obtain a jury trial in Delaware.

(7) Denial of a motion to dismiss is not ordinarily a decision of substantial and material importance sufficient to justify interlocutory appeal.[1] This is particularly appropriate when the order denies voluntary dismissal from the forum originally

---

[1] *In re Tesla Motor, Inc.*, 2018 WL 2006678, at *1 (Del. Ch.).

chosen by the plaintiff and litigation has been proceeding for several years. The Court holds that its findings, as set forth at the conclusion of the December 9, 2020 hearing, do not meet any of the Rule 42(b)(iii) factors.

**THEREFORE,** Plaintiff has failed to demonstrate that any of the eight criteria set forth in Delaware Supreme Court Rule 42(b)(iii) require that the Court exercise its discretion to certify interlocutory appeal. The Application for Certification of an Interlocutory Appeal is hereby **DENIED.**

**IT IS SO ORDERED.**

_/s/ Mary M. Johnston_
The Honorable Mary M. Johnston